UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SHEILA HURT, | ) No. CV 11-00001-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

considered the consultative examiner's opinion;

2. Whether the ALJ properly assessed Plaintiff's residual functional capacity; and

3. Whether the ALJ posed an incomplete hypothetical question to the vocational expert.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED PLAINTIFF'S**

**MENTAL RESIDUAL FUNCTIONAL CAPACITY AS OF 1982**

Plaintiff identifies three issues in this litigation, all of which are interconnected. In her first issue, she contests the ALJ's evaluation of the Complete Psychiatric Evaluation ("CE") of Plaintiff performed on January 14, 2009 by psychiatrist Dr. Bagner. (See Report at AR 529-535.) In her second issue, she asserts that Plaintiff's mental residual functional capacity ("MFRC") was not properly evaluated because the ALJ did not properly factor in Dr. Bagner's evaluation. In the third issue, she asserts that the ALJ posed an incomplete hypothetical question of the vocational expert ("VE") because the hypothetical omitted Dr. Bagner's limitations.

Because of their interrelationship, the Court will address these issues together.

Dr. Bagner performed a psychiatric CE on January 14, 2009, and determined Plaintiff's mental functional limitations, including an

2

assessment that she would have moderate to marked limitations completing a normal work week without interruption. (See AR at 532.) Dr. Bagner concluded that Plaintiff is moderately to markedly limited in her ability to respond appropriately to usual work situations and to changes in a routine work setting. (AR 534.)

Plaintiff's matter had been previously heard by the ALJ, who issued an unfavorable decision on April 15, 2008.  Plaintiff was granted review by the Appeals Council, which sent the matter back to the ALJ, based on the fact that diagnostic and treatment records for Plaintiff which went back to 1984 had been lost.  Thus, the Appeals Council ordered that,

> "In light of this evidence and the fact that the medical record was lost, ... a medical expert is necessary to assist the Administrative Law Judge in evaluating the severity of claimant's mental impairments during the remote relevant period."

(AR 37.)

Consequently, the ALJ was ordered to obtain evidence from a medical expert regarding the nature and severity of Plaintiff's mental impairments. (AR 38.)  The ALJ did this by obtaining a written evaluation from Dr. Glassmire. (AR 536-537.)  This evaluation is incorporated into the ALJ's decision. (AR 14-23.)  The ALJ gave "great consideration" to the mental functional limitations described by Dr. Bagner.  But the ALJ noted that Dr. Glassmire had rendered an opinion as to Plaintiff's mental functional limitations as of 1982, while Dr.

Bagner had not done this. (AR 20.)[1]

With regard to the continuous nature of her asserted mental disability, the ALJ did note that Plaintiff had engaged in substantial gainful activity in 1985, when she earned over $6,000 working as a certified nursing assistant in a nursing home. (AR 17, 90, 541-542.) But even if the issue of continuous disability was not thereby resolved, the principal problem with Plaintiff's argument is that Dr. Bagner did not render a longitudinal opinion, but only one that assessed Plaintiff's mental functional condition as of the time of his examination in 2009. To the contrary, Dr. Glassmire did review relevant mental records going back to 1985, and his written report indicated that Plaintiff scored in the moderate level in the areas of social functioning, concentration, persistence and pace, and had no episodes of decompensation. Further, the records indicate a worsening of symptoms beginning in 1985, and in fact, Dr. Glassmire indicated that her mental condition has progressively worsened over time, and that her functioning was higher in 1982 than it is today. (AR 536.) All of these conclusions were fully considered by the ALJ in his decision. Plaintiff has provided no answer to the question of whether there is any basis in the record to conclude that Dr. Bagner's assessment of Plaintiff in 2009 would be at all consistent with her mental condition in 1982, or thereafter. In fact, the only evidence

---

[1] The importance of the 1982 date is that this case concerns whether Plaintiff is entitled to disabled adult child's benefits based her father's earnings record. The regulations (see 20 C.F.R. § 404.350(a)) require, among other things, that a claimant is entitled to child's benefits based on the earnings record of an insured person if the claimant became disabled before the age of 22. Therefore, as the ALJ observed, Plaintiff had the burden to demonstrate her mental disability as of 1982, when she became 22, and continuously thereafter. See Smolen v. Chater, 80 F.3d 1273, 1280 (9th Cir. 1996).

4

1 in the record from a mental health professional concerning Plaintiff's
2 mental functional level in 1982 comes from Dr. Glassmire. In
3 contrast, there is nothing in Dr. Bagner's report which can even
4 support reasonable inferences as to Plaintiff's mental condition in
5 the past. Clearly, if this case concerned only Plaintiff's present
6 mental functional limitations, Dr. Bagner's report would be of more
7 significance.

8 For these reasons, Plaintiff's argument as to each of the three
9 issues must fail. The ALJ properly complied with the order of the
10 Appeals Council by obtaining the opinion of a medical expert who could
11 provide evidence concerning Plaintiff's mental functional capacity as
12 of the relevant start date. Thus, the Court must affirm the ALJ's
13 decision.

14 The decision of the ALJ will be affirmed. The Complaint will be
15 dismissed with prejudice.

16 **IT IS SO ORDERED.**

18 DATED: October 13, 2011                     /s/
                                       VICTOR B. KENTON
19                                     UNITED STATES MAGISTRATE JUDGE